The State *v.* Bachman.

## THE STATE *v.* JAMES BACHMAN.

ATTORNEY-GENERAL. *Fees. Verdict of not guilty.* The district attorney is not entitled, upon agreeing to a verdict of not guilty in a criminal case, even where it satisfactorily appears to the court that the disposition of the cause was proper, to have a judgment against the defendant, with his consent, for costs as upon a verdict of conviction.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. L. B. HORRIGAN, J.

. Cooper, J., delivered the opinion of the court.

In this case, which was an indictment for unlawful retailing, the district attorney-general agreed to the entry of a verdict of not guilty upon condition that the defendant would pay all costs as upon such a finding, and further pay the officers entitled to fees in the case the same amount of costs that they would be entitled to upon a conviction. The parties appeared, and proposed to enter judgment as agreed on, but the trial judge, of his own motion, ruled that, upon an entry of a judgment as on a verdict of not guilty, there could be taxed in the bill of costs only a fee of two dollars and fifty cents to the attorney-general, notwithstanding the agreement of the defendant to pay the full fee of a verdict of guilty. The attorney-general excepted, and has brought the case to this court to test the correctness of the ruling. The judge certifies that he was fully satisfied of the good faith of the attorney-general in agreeing to a verdict of not guilty, and that, upon the facts, the disposition made of the case was a proper one, and for the best interest of the public. He was of opinion, however, that it was contrary to public policy to allow the attorney-general to collect a conviction fee, which was double the fee of an acquittal, under the circumstances.

By the Code, sec. 4542, the district attorneys-general are entitled to demand and receive certain fees, and, among others, for each conviction for a misdemeanor $5, and for each misdemeanor if the defend-

The State *v.* Bachman.

ant is tried but acquitted, $2.50. By the Code, sec. 4517, "no officer is allowed to demand or receive fees or other compensation for any services further than is expressly provided · by law." By section 4518, it· is made a misdemeanor in office to demand or receive any other or higher fees than ʼare prescribed by law, and the gulty officer is also liable to the party aggrieved in the ·penalty of $50, to be recovered before any justice of the peace. And by section 4521, no officer is entitled to demand and receive fees allowed by law until the duty or service for which they are granted is performed, unless otherwise expressly · provided by law. Under these provisions, it is clear that the attorney-general cannot demand or receive a fee of $5 for the trial and acquittal of the defendant in this case, and no judgment could, in that event, sustain the taxing of a larger fee than $2.50 in the bill of costs. These provisions, moreover, plainly declare the policy of the State to be that no fee shall be received except. for services actually rendered, and then only the fee prescribed for the particular service. The courts cannot sanction a stipulation for a higher fee than is warranted by law under any circumstances, nor of course where the fee is conditioned upon the entry of a verdict of acquittal.

Affirm the judgment.